PETER G. TEN EYCK, as Commissioner of Agriculture and Markets of the State of New York, Plaintiff, *v.* EASTERN FARM PRODUCTS, INC., Defendant.

Supreme Court, Special Term, Albany County, August 17, 1936.

*Henry S. Manley, Counsel to Division of Milk Control* [*Robert G. Blabey, Assistant Counsel,* of counsel], for the plaintiff.

*Rubinton & Coleman,* for the defendant.

FOSTER, J. Application by the plaintiff for an order enjoining the defendant during the pendency of this action from buying milk from producers for resale in any form without the execution and filing with the plaintiff of a surety bond, or cash, or bonds of the United States or of the State of New York, in the sum of $15,000.

It is asserted by the defendant that grave doubts exist as to the constitutionality of the so-called Milk Control Law in view of the decision in *Baldwin* v. *G. A. F. Seelig* (294 U. S. 511). Such doubts are not apparent unless one takes the view that the courts of ultimate appeal will completely reverse themselves. (*Nebbia* v. *New York*, 291 U. S. 502; *Hegemen Farms Corp.* v. *Baldwin*, 293 id. 305.) But irrespective of one's view as to the price fixing part of the statute the principle that the State may require a bond from a milk dealer as a prerequisite to doing business is firmly established. (*People* v. *Perretta*, 253 N. Y. 305.) As pointed out this requirement antedates emergency legislation, in principle at least if not in detail.

With the wisdom or expediency of such legislation courts are not concerned. The question of constitutionality is a question of power. This is not to say that the plaintiff has the right to act capriciously and arbitrarily in exacting a bond which amounts to confiscation. From the information disclosed on these papers it cannot be justly said that the plaintiff has abused his discretionary power. The bond required appears to be fairly commensurate, within reasonable limits, to amount of business concededly done. The answer of the defendant that it cannot furnish such a bond is not sufficient. Such an answer might be made in any case.

The law does not require a hearing to be held preliminary to fixing the amount of the bond, and to read such a provision into the statute would be usurping the functions of the Legislature. Bonds in the sum of $7,500, deposited to protect producers for the license year ending March 31, 1936, in no way affect this application.

The situation is rendered somewhat anomalous by the apparent fact that many of the producers here do not want the protection, or at least the remedy, provided by statute. Again that cannot be a concern of the court. A statute exists which, under the authorities, cannot be held doubtful because of lack of legislative power. Under that statute the plaintiff has acted within reasonable limitations. He has appealed to the court to sustain his order, and under the orderly processes of government the court is bound to act. If the statute is unwise or, whether unwise or not, the producers do not want it, they must look to the Legislature.

Application granted.