PETER G. TEN EYCK, as Commissioner of Agriculture and Markets of the State of New York, Plaintiff, *v.* EASTERN FARM PRODUCTS, INC., Defendant, W. H. SPAVEN, ARTHUR BRANAGAN and F. B. HENNESSEY, as Committee for Eastern Farm Patrons, Intervening Defendants.

Supreme Court, Special Term, Albany County, August 24, 1936.

*Henry S. Manley, Counsel to Division of Milk Control [Robert G. Blabey, Assistant Counsel, of counsel], for the plaintiff.*

*Rubinton & Coleman,* for the corporate defendant.

*M. B. Hall,* for the defendant intervenors.

FOSTER, J. Complaint is made that the motion in the above-entitled matter (160 Misc. 402) was decided prematurely, and in advance of additional affidavits and a reply memorandum to be filed by the defendants. The clerk's minutes at Special Term do not so indicate, but I assume that an error was made in that respect. Accordingly, the additional affidavits received are considered as a part of the motion papers.

I find nothing in such affidavits or in the reply memorandum submitted that was not exhaustively covered by the original papers. Brief reference, however, may be made to two propositions which are stressed again.

Defendants assert that the price fixing part of the milk control statute* is unconstitutional, on the theory that it would never have

---

* Agriculture and Markets Law, art. 21-A (added by Laws of 1934, chap. 126).

been enacted without the clause respecting milk from other States, which clause was declared void in *Baldwin* v. *G. A. F. Seelig* (294 U. S. 511); and they point to the re-enactment of the entire statute as conclusive proof of such assertion. Due to the State's inability to control the price of the milk from other States, they say, the law has no logical or substantial relationship to the object sought to be attained. The answer to this argument, of course, is that the Legislature had these matters before it when it re-enacted the statute. While the State cannot enforce the clause concerning interstate milk, it by no means follows that the Legislature is thereby rendered powerless to control the price of milk produced within the State. Under the circumstances disclosed reasonable minds might differ as to whether such control alone is for the best interests of producers, and whether it has any substantial relationship to that end. This is far from meeting the test required before such control can be said to be beyond the legislative power. Indeed, if there is any doubt about the matter, under familiar and elementary principles of constitutional law, the power in the Legislature must be upheld.

Another point which is stressed again is that this action was not instituted in accordance with the statute. This argument is conclusively negatived by section 258-e of article 21 of the Agriculture and Markets Law (added by Laws of 1934, chap. 126).

The original decision herein may stand for the reasons therein stated, and an order may be entered in accordance therewith.