C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, Respondent, v. JOHN I. DE KORTE, Doing Business under the Name of MILANVILLE DAIRY, Appellant, et al., Defendants.— This is an appeal from an order in the nature of a temporary injunction restraining the defendant, John I. De Korte, his agents and employees, during the pendency of the action, from in any manner purchasing or handling milk within the State without a milk dealer's license as required by article 21 of the Agriculture and Markets Law; also from purchasing milk from producers located within the State without filing a bond. There is no controversy over the latter requirements, except as to the form of the bond. It should be in the form prescribed and approved by the plaintiff Commissioner. Defendant's receiving plant and principal place of business is situated at Milanville, Pennsylvania, and he insists that he is not purchasing or handling milk in the State of New York; that all of his contracts with producers in this State provide for the delivery of milk f.o.b. at his plant in Pennsylvania. There is some evidence by way of affidavit to the contrary. We think, in any event, that defendant's appeal is somewhat premature. Certainly the temporary injunction is entirely proper in form. Defendant cannot legally purchase or handle milk within the State without a milk dealer's license. The language of the injunction order in effect merely ·states the law. If the defendant, as he insists, is not violating the law then he has nothing to fear from the restraining order. We are not required on an appeal from a temporary order of this character to determine in advance the whole issue involved in the action, and since there is some evidence that defendant participated in the purchase of milk within this State we are constrained to affirm the order, with $10 costs and disbursements on appeal. Order affirmed, with $10 costs and disbursements. All concur.