C. Chester Du Mond, as Commissioner of Agriculture and Markets of the State of New York, Plaintiff, *v.* Robert B. Titus, Doing Business as Wyoming-Guernsey Dairy, Defendant.

Supreme Court, Special Term, Albany County, June 24, 1949.

*Donald L. Brush* for plaintiff.

*John E. Barry* for defendant.

TAYLOR, J. This is a motion for an injunction *pendente lite* in an action instituted by the plaintiff against the defendant pursuant to the provisions of section 258-e of the Agriculture and Markets Law to restrain the defendant from engaging in the purchase of milk or cream from producers for resale without first having filed a surety company bond in the sum of $5,000.

Subdivision 1 of section 258-b of the Agriculture and Markets Law provides as follows: "1. Each milk dealer buying milk from producers for resale or manufacture * * * shall execute and file a bond, unless relieved therefrom as hereinafter provided. The bond shall be upon a form prescribed by the commissioner, shall be in the sum fixed by him, but not less than two thousand dollars, shall be executed by a surety company authorized to do business in this state, and shall be conditioned for the prompt payment of all amounts due to producers for milk sold * * * by them to such licensee, during the license year. The bond shall be approved by the commissioner."

It is not denied by the defendant that he has failed to execute and file the bond required by the plaintiff in accordance with the provisions of that section of the Agriculture and Markets Law. The plaintiff's right to require the bond cannot be questioned. Unless relieved by the plaintiff, the provisions of the statute are mandatory. It is not claimed by the defendant that the amount of the bond which has been required is excessive or that the plaintiff's action in so requiring it is arbitrary. It is contended that the plaintiff, by filing a claim against the defendant in favor of the equalization fund created under the milk marketing order in existence in the amount of $4,555.90, representing the full value of about 66,439 pounds of milk, the sources of which were not disclosed by the defendant's books upon an audit by the plaintiff, which claim the defendant asserts is unmerited except in the amount of $366, has prevented his obtaining a surety company bond in the required amount. He also contends that he has arranged for shortened terms of credit and independent security to assure payment to his sole producer and that he is amply financially responsible to pay the amount due or to become due to it. Such contentions cannot defeat the requirement of the statute for the execution and filing of the bond and, in my opinion, are untenable. (*Ten Eyck* v. *Eastern Farm Products*, 249 App. Div. 891; *People* v. *Perretta*, 253 N. Y. 305; *Du Mond* v. *De Korte*, 270 App. Div. 1062.)

As Mr. Justice FOSTER said in *Ten Eyck* v. *Eastern Farm Products* (160 Misc. 402, 403), '' The answer of the defendant that it cannot furnish such a bond is not sufficient. Such an answer might be made in any case.''

Neither independent arrangements either for payment or for security therefor between the producer and the marketer, even if satisfactory to the former, nor financial ability to respond in payment unless satisfactory to the Commissioner of Agriculture and Markets is a sufficient answer to the failure to furnish the required bond.

As a matter of law and not of judicial discretion, I am constrained to grant the motion and the submitted order has been signed, but its execution is stayed for fifteen days after its entry to afford the defendant an opportunity to procure the required bond.